UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-00359 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEPHEN JAMES YOUNG | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Stephen James Young's ("Young") Motion for Compassionate Release. See Record Document 59. The Government opposed Young's motion. See Record Document 61. Young filed a reply. See Record Document 63. For the reasons set forth below, Young's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On March 12, 2020, Young pled guilty before Magistrate Judge Hanna to one count of passing, uttering, and keeping in possession counterfeit obligations or securities in violation 18 U.S.C. § 472. See Record Documents 34-35, 37-39. Magistrate Judge Hanna issued a Report and Recommendation on the guilty plea on March 25, 2020. See Record Document 40. The undersigned adopted the guilty plea on that same date. See Record Document 41.

On August 3, 2020, the Court sentenced Young to 41 months imprisonment. See Record Documents 50-52. The sentence was to run concurrently with any sentence

imposed by the state court in which the state court determined that charges are related. See Record Document 51 at 2.[1]

Young is currently incarcerated at Beaumont USP. His projected release date is May 31, 2022.

## LAW AND ANALYSIS

Young seeks compassionate release due to his asthma, arguing he is vulnerable in the event of a COVID-19 outbreak. See Record Document 59 at 1.[2] He also notes that the charge in his case was "non-violent" and "non-sexual." See id.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

---

[1] As stated *infra* in footnote 2, Young will be resentenced on December 7, 2021 to address the applicability of Sections 5G1.3(b) and/or 5K2.23 of the United States Sentencing Guidelines.

[2] Young also raises the issue of a four month downward variance in his Motion for Compassionate Release. See Record Document 59 at 1. He argues the Court's refusal to grant such variance was erroneous and he raised this issue on direct appeal. On October 1, 2021, the Fifth Circuit vacated and remanded Young's case for resentencing. See Record Document 65. The case is set for resentencing before the undersigned on December 7, 2021. See Record Document 64. The four month downward variance and the applicability of Sections 5G1.3(b) and/or 5K2.23 of the United States Sentencing Guidelines will be addressed at resentencing, not in the context of compassionate release.

In this case, Young moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).  There is no dispute that Young has exhausted his administrative remedies and the Court will proceed to the merits.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Young's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Previously, a district court was confined to the policy statements set forth

in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP.  See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4.  Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.  See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).  While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons.  See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."  U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show

circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Young cites his asthma as the basis for his compassionate release. The Government does not believe this asserted medical condition is an "extraordinary and compelling reason" as that term is defined for purposes of 18 U.S.C. § 3582(c)(1)(A). Notwithstanding, even if this Court were to assume an extraordinary and compelling reason in this case, it does not believe granting compassionate release to Young would comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

The nature and circumstances of Young's offense and his history and characteristics disfavor release. Young had a criminal history score of 18 and a criminal history category of VI. See Record Document 44 (Presentence Investigation Report) at ¶59. While much of his criminal history is not violent, it is incredibly lengthy and shows a succession of 16 separate criminal convictions beginning when Young was 18 and

continuing until commission of the instant offense.  See id. at ¶¶ 41-56.  Young's criminal history also evidences an inability to satisfactorily complete probationary periods.  See id. at  ¶¶ 41-58.  He committed the instant counterfeiting offense while on parole for a 2014 conviction for illegal possession of a firearm.  See id. at ¶ 46.  Young's prior conviction in 2013 for home invasion is particularly troubling to this Court, as it seems to show a propensity for violence.  See id. at ¶ 49.  Young's lengthy criminal history and his failures to comply with the conditions of probation clearly show a lack of respect for the law.  It is the Court's belief that a reduced sentence in this case would not be just punishment, would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

Based on the foregoing reasons, Young's Motion for Compassionate Release (Record Document 59) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of November, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT